# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Ronald K. White, | ) | |
| | ) | Civil Action No.: 9:18-cv-00393-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Commissioner of Social Security Administration, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on April 9, 2019. (ECF No. 20.) The Report addresses Plaintiff Ronald K. White's ("Plaintiff") claim for disability insurance benefits ("DIB") and recommends that the court reverse the decision of the Commissioner of Social Security Administration ("the Commissioner") and remand the matter for further administrative proceedings. (*Id.* at 1, 16.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 20), incorporating it herein, **REVERSES** the decision of the Commissioner, and **REMANDS** the action for additional administrative proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 20.) As brief background, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled for purposes of the Social Security Act ("the Act") on December 2, 2016, and denied Plaintiff's claim for DIB. (ECF No. 11-2 at 28–29.) Although the ALJ found that Plaintiff possesses the severe impairments of degenerative disc disease and degenerative joint disease, the ALJ concluded that Plaintiff "does not have an

1

impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 . . . ." (*Id.* at 21–22.) In addition, the ALJ concluded that Plaintiff "has the residual functional capacity [("RFC")] to perform sedentary work as defined in [20 C.F.R. § 404.1567(a)] except no climbing; occasional crawling, crouching, stooping, balancing, kneeling; occasional overhead reaching; frequent fingering and handling bilaterally." (*Id.* at 22.) After considering Plaintiff's education and past relevant work, the ALJ found that Plaintiff possesses "work skills . . . that are transferable to other occupations with jobs existing in significant numbers in the national economy." (*Id.* at 28 (citations omitted).) Plaintiff requested the Appeals Council ("the Council") to review the ALJ's decision and was denied that request on December 14, 2017. (*Id.* at 2–4.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on February 12, 2018. (ECF No. 1.)

In the Report, the Magistrate Judge reasoned that "it is not clear from the ALJ's decision that he properly considered Plaintiff's bilateral hand impairment at step two of the sequential evaluation process." (ECF No. 20 at 9.) Specifically, the Magistrate Judge found that the ALJ failed to "fully consider[] Plaintiff's bilateral hand impairments at the later steps," and "it cannot be determined from a plain reading of the decision whether the ALJ properly considered Plaintiff's bilateral hand impairments in formulating Plaintiff's RFC." (*Id.* at 11.) In addition, the Magistrate Judge determined that the ALJ "did not include anything about Plaintiff's need to use thumb splints in the hypothetical to the [vocational expert.]" (*Id.* at 15.) Adhering to precedent from the United

2

States Court of Appeals for the Fourth Circuit, the Magistrate Judge affirmatively concluded that the ALJ failed to build "an accurate and logical bridge from the evidence to his conclusion." (*Id.* (citing *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)).) For those reasons taken together, the Report recommended that the court reverse the decision of the Commissioner and remand the case for further administrative proceedings. (*Id.* at 16.)

The parties were apprised of their opportunity to file specific objections to the Report on April 9, 2019. (*Id.* at 17.) Objections to the Report were due by April 23, 2019. (*See id.*) On April 23, 2019, the Commissioner notified the court that she would not object to the Magistrate Judge's Report. (ECF No. 21 at 1.) To date, Plaintiff has not filed any objection to the Report.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in

part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby*, 718 F.2d at 199. Furthermore, a failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). The court concludes that the Magistrate Judge's Report accurately summarizes the law and correctly applies it to the instant case. (ECF No. 20.) Because no specific objections were filed by either party and the court discerns no clear error within the Report, the court adopts the Report herein. *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 20) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **REVERSED**, and this case is **REMANDED** for further administrative action in accordance with 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 24, 2019
Columbia, South Carolina